**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALICIA S., | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO, | : | |
| Commissioner of the Social Security | : | |
| Administration, | : | |
| Defendant. | : | Case No. 25-5042 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE October 30, 2026

Alicia S. ("Plaintiff") sought judicial review of a denial from the Commissioner of Social Security ("the Commissioner") of her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. On June 30, 2026, after reviewing the parties' briefs and the administrative record, the undersigned denied Plaintiff's request for review under sentence four of 42 U.S.C. § 405(g) and entered judgment in favor of the Commissioner. ECF 23. On July 24, 2026, Plaintiff timely[1] filed a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"), requesting remand under sentence six of 42 U.S.C. § 405(g) for consideration of "newly obtained evidence" from the Pennsylvania Office of Vocational Rehabilitation ("OVR"). Mot. at 1-2. The Commissioner has responded, asserting that the evidence is not new. ECF 26. Plaintiff has filed a Reply. ECF 27. For the following reasons, Plaintiff's motion is denied.

## II. DISCUSSION

### A. Standard of Review

Under Rule 59(e), a motion to alter or amend a judgment may be granted if the moving

[1] Rule 59(e) motions are due 28 days after final judgment. *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 215 (2025).

party can establish one of the following: (1) a change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear legal error or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (alterations in original and internal citations omitted). Here, Plaintiff contends that the court's judgment should be altered due to "new evidence." Mot. at 1-2. New evidence under Rule 59(e) "does not refer to evidence that a party obtains or submits to the court after an adverse ruling," it is "evidence that a party could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010). A Rule 59(e) motion which simply repeats arguments raised initially is improper. *Lazardis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). Rule 59(e) is sparingly granted and "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been [previously] raised…." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995)).

**B. <u>Plaintiff's Motion is Denied</u>**

Plaintiff moves this court to alter its judgment denying her request for review and remand the case giving the ALJ instructions to reevaluate her social security claim with "newly obtained evidence" from OVR. Mot. at 1-2. The evidence existed before the court entered Judgment on June 30, 2026; hence, it does not qualify as new evidence under Rule 59(e). Plaintiff acknowledged as much.[2] Reply at 4 ("Plaintiff acknowledges that the notes existed earlier.").

[2] In her Reply, Plaintiff argues that the ALJ failed to fulfill his duty to develop the record by failing to obtain the OVR records, particularly given that Plaintiff was unrepresented at the administrative hearing. Reply at 4. To the extent Plaintiff raises this argument to challenge the ALJ's non-disability determination, the court cannot consider it as a basis for reconsideration unless Plaintiff first satisfies the requirements of Rule 59(e). *See Ahmed v. Dragovich*, 297 F.3d 201, 207-08 (3d Cir. 2002) (explaining that post-judgment relief requires satisfaction of the applicable Rule 59(e) standard). Moreover, the ALJ's failure to obtain the OVR records does not relieve Plaintiff of her burden to demonstrate that the records constitute newly discovered evidence that was unavailable before final judgment. *See Howard Hess Dental Lab'ys Inc.*, 602 F.3d at 251-52 (explaining that the moving party must demonstrate that the new evidence was previously unavailable and, therefore, could not have been submitted to the court earlier).

The OVR records are notes kept by various OVR counselors, detailing interactions between the agency and Plaintiff from 2018 through 2024. Reply at 4. Specifically, the notes reflect that Plaintiff relied on appropriate hearing aids to work and, without them, would misinterpret information. ECF 24-10. Plaintiff also reported that she believed she was fired in March 2023 because she did not have appropriate hearing aids. ECF 24-11. The OVR notes further show that Plaintiff repeatedly lost her OVR-provided hearing aids and replaced them with hearing amplifiers that she purchased, which were ineffective. ECF 24-8–24-9. The records also document financial difficulties that prevented Plaintiff from consistently maintaining appropriate hearing aids. ECF 24-9.

On June 4, 2026, Plaintiff emailed a counselor at OVR requesting records. ECF 24-1. A counselor provided the agency's policy regarding records requests on June 10, 2026. ECF 24-1. Plaintiff submitted a signed, dated letter on June 10, 2026. Reply at 4. Plaintiff received the records on July 13, 2026. Reply at 4.

<u>The Evidence is Not New Under Rule 59(e)</u>

The OVR records are not new for several reasons. First, without any supporting authority, Plaintiff argues that the records were in OVR's files, not available to her, and are "new in the relevant sense." Mot. at 4-5. This is not the standard. Evidence is not new if it could have been presented prior to the court's final judgment. *Howard Hess Dental Lab'ys Inc.*, 602 F.3d at 252. Plaintiff informally requested the OVR records on June 4, 2026, and received them on July 13, 2026, twenty-six business days later. Reply 4. Plaintiff filed the instant motion, attaching the records on July 24, 2026. ECF. 24. The records themselves span from February 14, 2018, through August 8, 2024, and, therefore, existed before the court entered final judgment on June 30, 2026. That the records were maintained by the Pennsylvania Office of Vocational Rehabilitation, rather

than in Plaintiff's personal custody, does not make them unavailable because Plaintiff could have obtained them from OVR at any time prior to the court's final judgment. *See Exxon Shipping Co.*, 554 U.S. at 486 n.5.

Second, Plaintiff raised substantially the same argument before this court, when she asserted that the "SSA improperly tied disability onset to job termination rather than medical evidence" and emphasized that the record documented hearing loss as early as 2011; progression to bilateral hearing loss; job loss related to her inability to hear; difficulty affording hearing aids, which admittedly improved her hearing. Pl. Br. at 4. Indeed, Plaintiff described the "new evidence" similarly. Mot. at 4 (the records "document the same hearing-related communication barriers over time and provide longitudinal context for the limitations and employment difficulties already reflected in the administrative record."). Rather, Plaintiff relies on additional evidence to reinforce an argument she previously made based on substantially the same facts. Such evidence does not provide a basis for relief under Rule 59(e). *Lazardis*, 591 F.3d at 669; *Exxon Shipping*, 554 U.S. at 486 n.5.

## III. CONCLUSION

Because the court concludes that Plaintiff has not established a basis to alter or amend the judgment under Rule 59(e), it need not separately consider whether the newly submitted evidence satisfies the requirements for remand under sentence six of 42 U.S.C. § 405(g). A post-judgment request for a sentence-six remand based on new evidence necessarily requires alteration of the court's existing judgment. *See Ahmed*, 297 F.3d at 207-08 (explaining that, after judgment has been entered, "Rules 59 and 60 . . . govern the opening of final judgments" and that post-judgment relief cannot be granted unless the judgment is first set aside or vacated). Because Plaintiff has

not demonstrated grounds for altering or amending the judgment, the court cannot reach whether the proffered evidence would otherwise warrant remand under § 405(g).